Next case is number 2011-5012, VANDESANDE v. United States. Mr. Hanna. Good morning, Your Honors. May it please the Court, my name is Rod Hanna. I'm here on behalf of the Plaintiff Appellant in this case, Gladys VANDESANDE. This case arises out of the Court of Federal Claims' grant of a motion to dismiss for lack of subject matter jurisdiction under the Tucker Act and for a failure to state a cause of action for breach of contract between, in this case, an individual and a U.S. government agency, the United States Postal Service. The sole issue for you to decide in this case is whether the stipulation agreement for damages that was reached between my client, Ms. VANDESANDE, and the government agency is a settlement agreement which would give the Court of Federal Claims subject matter jurisdiction under the Tucker Act for a breach of contract claim, or is it a judicial consent decree that would divest the Court of Federal Claims of Tucker Act subject matter jurisdiction. It's our position that the Court of Federal Claims erred in finding this agreement, this stipulation agreement, to be a judicial consent decree. And it erred in applying the three factors that were established by the First Circuit, actually, in the case of Aronoff v. Napolitano, which was following up and actually a delineation of an issue that was raised and decided by the United States Supreme Court in the case of Buchanan Board and Home Care v. West Virginia Department of Health and Human Services. Those cases do not involve the precise issue here. Those cases were cases that arose under the Equal Access to Justice Act to determine when a plaintiff would be considered a prevailing party, where there was an agreement reached, and whether that agreement was a settlement agreement where they would not be a prevailing party, versus a consent decree where they would be a prevailing party. Mr. Hanna, this case is a wonderful example of the law's propensity to hang strange labels on odd things. And if you remember the old shell game? Yes. And if you move the shells fast enough, you can find whatever label you want. Why can't it be both? Why can't it be both? That's an interesting question, Your Honor. I guess conceptually it could. The way I have viewed the cases or read the cases is that they seem to draw a kind of a bright line distinction between what one considers to be a judicial consent decree, which is like a judicial order where there's contempt power and injunctive power, versus a party's reaching some kind of settlement agreement. Now, it's interesting that this actual issue was decided by this court a couple months ago, the case of Holmes v. United States. It was not directly on point. Holmes talks about settlement agreements. Right. It's a settlement agreement there, and the court found—I think it was just one paragraph in the opinion—they found it to be— Tucker Act jurisdiction. Right. It found that it was not a consent decree. It was a settlement agreement. They used the Aronoff factors, too. They looked only at the third factor, which is really what's at issue here, the third Aronoff factor, and that's the judicial oversight factor, the retention of a power by the court that issues the order to either issue some kind of contempt citation or order or to adjoin the action. And it's interesting because the Aronoff case—and that's why this is not a consent decree here—the Aronoff case, they consider that to be the sine qua non of a consent decree, that there's this judicial oversight that's retained by the court that actually issues the order, not by some other appellate court or some other authority. But the actual court that issues the order retains this oversight to enter some kind of contempt power or adjoin a violation of the agreement. Retain how? Expressly? Impliedly? I view it as it should be retained expressly. However, there seems to be sort of a gray area on this where—unfortunately, there's not a lot of case law on this. There's a gray area where is it enough whether the court just retains jurisdiction to enforce the terms of the settlement agreement. That seems to be enough under some thinking in some of these cases. I mean, this agreement resolved the second half of a proceeding that was bifurcated, right? That's correct. No, you had the damages phase bifurcated out from liability. Once liability was determined, then the parties sat down and worked out the terms of the damages. Settled the damages. Settled the relief. It wasn't just damages, actually. It was other relief, too. It's titled damages, but there's some reinstatement of my client into her position was one of the items. That's what we're claiming. There was a breach. They failed to do that. Yeah, and the document itself talks about the parties hereby entering into this stipulation in resolving the issue of damages in this case, and it becomes effective upon the issuance of the final order. Right. It all sounds like it's part and parcel of the order of the commission. It is, but the problem— It does have some enforcement proceedings involved as to what the party should do if certain things happen. All of that looks and feels and sounds and kind of smells like it's a consent judgment. If it was in the United States District Court as opposed to an administrative agency, then you might be right about that, Your Honor. However, we have a different animal here. We have an administrative agency, and we have administrative machinery that gives absolutely no teeth to this order. First of all, the ALJ—I looked at the decision of the Court of Federal Claims. They said there seemed to be some kind of inherent authority of the ALJ to enforce the terms of the stipulation, but there's not. The ALJ has no power to go back and say you need to comply with this. The only remedy that's available is, number one, you've got to notice the agency that there's noncompliance. If that doesn't work, then you take an appeal to the EEOC, and all the EEOC can do is say, we're going to reinstate the original proceedings or we can tell the agency to comply. We find them not to be in compliance. They should comply. If the agency then can still not comply, the ultimate result under the administrative machinery that's involved here, I think it's 29-16-14.503-504, I think maybe even 502 if I recall, the only ultimate remedy is for the individual, if the agency insists on not complying, even though they've been told by the EEOC you have to comply, the only remedy is to actually file a brand-new lawsuit in federal court to get remedies, to get your remedy. That is not the same thing as retaining contempt power or enjoining an action within the court that approves the order. It's a very big distinction between an administrative agency, what it can do, as opposed to what a federal court can do. And that's a very important distinction for this case. I think in this case Lizzer dies in a lot of ways on that distinction because there is no contempt power by the EEOC to hold the agency in contempt or sanction them in any way. They don't have that power. Well, an agency can't render judgment. They make decisions, don't they? Help me on this. Do we have cases in which an agency decision has been deemed a decree, consent decree? I found nothing as far as the EEOC type of situation. In fact, if you look at the case law under that, what happens with the EEOC, if you go to trial in the EEOC and you lose, for example, you have a fresh start in federal court, de novo, to bring your whole lawsuit over again. Now, the agency decision has no res judicata effect. It has no collateral estoppel effect on the court proceedings. It is a piece of evidence that can be introduced in the court proceedings, but it has no binding effect. When you say start all over, I'm not quite clear what start all over. In this case, you had this provision for the tax adjustment. You allege that they didn't do it right. You went to the EEOC for enforcement of what you thought you had agreed to with the government, and the EEOC said, everything's fine. Go away, right? Right. We disagree there was a breach. That's what they did find in a three-page decision. Disagree there was a breach. Is your remedy at that point, obviously you lost the EEOC, and your argument has to be that the EEOC made the wrong decision, was arbitrary, capricious, or what have you. Is your remedy at that point a district court suit under the Administrative Procedure Act on the grounds the agency acted arbitrarily? Is that what you mean by start? I don't know what you mean by start. It's a brand new lawsuit. What do you mean a brand new lawsuit? You mean you would ignore everything the EEOC did?  You have that option. You actually do have that option. If you look at 1629 CFR 1615.504, and I don't remember the actual subsection. I can probably pull it up. It's subsection G. There are apparently three different options that you can do. The EEOC will give you a notice. This is the only power they have. They can't hold you in contempt, can't hold the agency in contempt. We understand all that. All they can do is give a notice to the individual to say, you have the right, number one, to bring a lawsuit in a federal district court trying to seek enforcement of the provisions, number one. Of what provisions? Of the agreement, whatever the order was, the settlement agreement, or if there was a judgment, I guess. And that's what you tried to do? Originally, I tried to do that. What's ironic is that the government argued in response to my lawsuit there that the jurisdiction was in this court. Now they're taking the opposite position here, saying it's a consent decree. It boils all down to is this a consent decree or not. You're wandering away. What are your options? One option was to file the enforcement action. The other option was they blocked you on that. The Administrative Procedure Act, you could bring an action under that, too. Potentially. This is if there actually is a finding by the EEOC that there was a violation of the agreement, which didn't happen here. We had just the opposite. They found there was no breach, at least for the tax consequence issue. And then finally, the administrative machinery doesn't even address that. There's not even a procedure as to what you do next, but what happened in this particular case, and if you look at the decisions as part of the Joint Index, I think it's A48, I think is the pages from the EEOC decision, which the EEOC in its decision found this to be a settlement agreement. They viewed it as a settlement agreement. They held that now you have the right to go to federal court. If you don't like our decision, you can go to federal court and bring, I guess, a de novo action in federal court to start all over again, as opposed to what you do. But I'm still not, when you say start all over again, you mean with the enforcement proceeding, or you mean with the underlying substance? The enforcement proceeding, you can start all over again as an option if the EEOC finds failure to comply. If the EEOC does not find failure to comply, it's just a straightforward de novo action. That's all. De novo, meaning you bring it all over? Start from scratch. You put all your evidence on discrimination again, et cetera, et cetera. You go basically to square one. If there is a finding of noncompliance by the agency, again, they don't have any teeth in this matter, they give you a notice that you've got three options. One, you can go for an enforcement lawsuit in federal district court. Number two, you can go for possibly an APA action in federal district court. And number three, you can also go de novo, start from scratch, again, under all the provisions that you want to do. All your claims, I guess, your original discrimination, retaliation claims. I see you're into your rebuttal time. Do you want to save? Yeah, I would just like to, one case, I'll take one minute on this. I guess I'll reserve one minute. They cite in their response brief, the government does, this case of Harrison, which came out in February 2011, and they kind of make it sound like the Harrison case held that as long as there's some injunctive power held by the court, that it could still meet the third Aronoff factor. That case actually involved, undisputably, a settlement agreement. And the question was, is that settlement agreement enough to be a prevailing party? And that was the ADA instead of the Equal Access to Justice Act. So I would like to reserve my time. Thank you. Thank you, Mr. Hammond. Ms. Stern? May it please the court, the parties agree that the issue, the only issue before the court is whether or not this is a consent decree. But I want to begin with the court's question as to why can't it be both, or can it be both. Would you go directly to the very troublesome aspect where the government argues in the district court, you're in the wrong court, go to the Court of Federal Claims. So they do, and you say you're in the wrong court, go to the district court or someplace else. Well, I agree it's unfortunate when that happens, and it's unfortunately not un-consented when it happens. But isn't there such a concept as judicial estoppel or whatever? You say it's unfortunate. For which argument did the government make a mistake? Well, it's a situation where two different offices of the Justice Department see it differently. The question is, it's a legal question before the court. Which one is wrong? You can't have it both ways. Right, and it's wrong to characterize this as a settlement agreement. That was a wrong characterization because it is not a settlement agreement.  Excuse me, Your Honor. Whether it is or isn't a settlement agreement, which argument when you told them they were in the wrong court does the government now say they were wrong about? They were wrong to characterize what is a consent decree as a settlement agreement. That was the basis for the government's argument that it belonged in the Court of Federal Claims. That was erroneous because, in fact, it's not a settlement agreement. It is a consent decree. So you're prepared to concede on behalf of the government that he is entitled to go to the district court? I would not concede that he's entitled. Contrary to the government's earlier position. I would not concede that he's entitled to go to the district court. Well, you have to go one way or the other, counsel. You can't say we win no matter what the law is. He doesn't necessarily have an avenue of relief in the district court. He had an avenue of relief, or excuse me, the appellant has an avenue of relief to go to the EEOC because this was a consent decree entered by the EEOC. And that's what the appellant did to him. When the EEOC, he gets an unsatisfactory response. Are you saying that there's no way to review the decision of the EEOC? The agency has final conclusive power? Is that what you're saying? Yes, if the decision is that the agency is in compliance, then that is final when it is on an EEOC order or consent decree. If the EEOC had found that the agency was not in compliance, then there would be an avenue. Then he doesn't need to appeal if the EEOC holds for him. What you're saying is if the EEOC holds for him, he can appeal. If the EEOC holds for him, but the agency doesn't follow the mandate of the EEOC to the enforcement mandate of the EEOC, then he can go to district court for further enforcement, but not for an appeal if he doesn't prevail before the EEOC. Yes, in that case the EEOC is the final avenue of appeal, and that is the way the scheme is set up in this case for decrees by the EEOC. You couldn't go in under the APA? I don't believe so, Your Honor. I don't believe that's the case. I believe that it would be a final decision by the EEOC, which would be the case if the EEOC had actually calculated damages and issued the order on that basis as opposed to damages based on the party stipulation. Are you saying that even if the EEOC totally arbitrarily dismissed his complaint that the agreement had not been followed, that he'd have no recourse? They just blew him away and said, no, we don't buy your complaint. I may have overspoken, Your Honor. I would not feel confident saying there would be no available APA route to challenge the EEOC's decision on being completely arbitrary. So if he went into district court, the government would say, oh, no, you can't bring an APA action because this is a contract. Well, no, we would not say that this was a contract. Well, that's exactly what you said in the district court when he went in there. That's certainly not what I said, Your Honor, and I am saying today that that is not a position that we agree with. Oh, so you were wrong about that. The government was wrong about that. So you concede he could go back to the district court on an APA claim. I'm not conceding it. I'm saying I'm not in a position right now to say that he could not go back on an APA claim. You are representing the United States. This is a very serious matter. It's important to this person. And you stand here and say it doesn't matter. Someone else was the lawyer for the government. They got it wrong in the district court. Now he's here, and maybe he's got it wrong in the court of federal claims, but I'm not going to tell you what he can do next. Is that the government's position? That can't be how our great government handles itself. I am sorry that, as I said, unfortunately this is something that does sometimes happen. I can speak to the government's position that this is not a settlement agreement, and therefore the court of federal claims does not have jurisdiction. So the next lawyer, when he goes back to the district court, says that counsel, Ms. Stern, didn't know what she was talking about. Then what happens? Your Honor, again, this is not something that I have the authority. I am not the attorney general, and I can only have the authority to take the position that we take in this case. We don't want you to take this personally, and I hope you don't. But the government's behavior in this case is outrageous. Outrageous. You can't come up here and say this is a contract if the government previously said it's not a contract. Well, the determination as to whether, as you know, of course, the determination as to whether or not it is a contract is a legal question, and neither the court nor the government could be bound by a representation that the government made. It is strictly a legal question. The government's not bound by the statement of law? It makes an accord of law? This court could not be bound, and the government cannot be bound by a misrepresentation as to a strictly legal question. Factual representations, yes, the government would be bound like any other party unless the speaker was without authorization. But in terms of a legal characterization, the government cannot. I just want to be sure that I understand, that you understand what you're saying, that the government is not bound by the statement that it says this is the law of the United States. Get out of court. You're not in accordance with this law. It's my understanding that when the government makes a legal characterization in one court, the district court, for example, that that cannot control the legal determination, certainly of this court, or even the ability of the government to characterize it, make a legal characterization that's different in another court. That certainly is my understanding. We have done that on more than one occasion, unfortunately, because of disagreements that, again, I certainly don't have the authority to resolve, and I know that you understand that, and it is unfortunate, and it is what it is. So at this point... Okay. I think we have your argument, Ms. Stern. Thank you, Your Honor. Mr. Hanna, we have a little time left. Just very briefly, we did dismiss that other case voluntarily because of that position they took, and acted in good faith in filing this court, but I still believe this is firmly not a consent decree. It doesn't have the teeth of a consent decree. The Aronoff Court said it has to be part of the stipulation or agreement that it has that teeth. It's not there. All that's there, and it's only for one provision, is to take an appeal of the tax consequence for 2003 issue to the EEOC, which has no authority. Even if it found a violation, which has no authority to tell the government or the agency to comply. Well, there's a problem with your case, Mr. Hanna, and the problem is this. Let's assume the government said it was a contract back in the district court, which is what the government said, right? Right. But let's assume the government was wrong. It's not a contract. Could the government, and therefore the Court of Federal Claims, even despite the government's concession, would not have jurisdiction? It could. If it's really a legally sound argument that this is not a consent decree, excuse me, is a consent decree and not a settlement agreement, then I have that problem, Your Honor. That's what I ran into in this case, and that's why I'm here. The government can't concede jurisdiction in a court that doesn't have jurisdiction, right? It's well understood. The court is of limited jurisdiction. It's fairly tight. One of the issues I did not bring up on this appeal, and there's apparently a split in the authorities, whether or not there still is the Court of Federal Claims' jurisdiction over a consent decree. There was a case out of the Ninth Circuit. If you look at the lower court's opinion, there's a contrast. The Ninth Circuit, I think it's Angle v. United States, 1983, has squarely said that the Court of Federal Claims has jurisdiction under the Tucker Act over consent decrees, and then there is an unpublished decision of this court, actually Blodgett v. United States, which I brought to the attention of the Court of Federal Claims that there is a split where they upheld the Court of Federal Claims' decision indicating that it did not have jurisdiction over consent decrees because there weren't contracts. Not to prolong this, the settlement agreement is a contract. If it's incorporated in the judgment of the court, it becomes a consent decree. Does it lose its identity as a contract? No, no. Just because it's incorporated into the court's judgment. The Harrison case is the perfect example, the one that they cited. That's a case where the—and that's a district court case, too. The district court approved the settlement agreement and incorporated it into its final judgment in the case and retained jurisdiction to enforce the terms of the agreement, and the court held that there's a gap that Buchanan didn't decide. What about those situations where we really have a settlement agreement that has court authority still to enforce the terms that falls short of a consent decree, whether that would still be a prevailing party? That was addressed in the Harrison case, the case that was cited by the government. It is completely distinguishable. It's a very subtle distinction, but it's distinguishable here. That really was, undisputably, a settlement agreement, but the judges retained jurisdiction over it. They claimed that it did meet the third Aronoff factor for purposes of prevailing party status, but I'm saying here that if you're going to draw a bright line between a consent decree and a settlement agreement, this does not rise to the level of a consent decree, even though the ALJ said the parties will agree to abide by the terms of the stipulation and is acknowledging that's an agreement of the parties. In fact, what's another interesting aspect, and I'll finish, another interesting aspect is that in Aronoff, if you look at that, I think the Court of Federal Claims gave this a bit of a short shrift in its decision, is that one of the things you look at is can this agreement be modified without the court's approval, without the court's involvement in modifying the agreement. And this particular agreement, if it can be modified, only by a court's approval would be a consent decree. This particular agreement said it can only be modified by agreement of the parties, which is indicating it's a settlement agreement. I appreciate it. Thank you very much. Thank you, Mr. Hannan. Thank you, Mr. Stern. We gave you a hard time, but when you represent the United States, you can take it. I didn't take it personally. Thank you, Your Honors. Thank you.